**UNITED STATES COURT OF APPEALS**

**Filed 8/21/96**

---

CHARLES F. MOORE and TERESA L.
MOORE on behalf of Malinda M.
Fransisco and Travis William Lee
Lackey,

     Plaintiffs-Appellants,

v.

MUSCOGEE (CREEK) NATION, BILL
FIFE, PATRICK MOORE, CHARLES
TRIPP, SCOTT JOHNSON, REDINA
MINYARD, NANCY MASON,
MICHAEL YEKSAVICH and TIM
POSEY,

    Defendants-Appellees.

No. 96-5099
(D.C. No. 95-C-1149-H)
(N.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

This appeal arises out of an unsuccessful challenge to custody decisions made by the Muscogee (Creek) Nation concerning Travis William Lee Lackey, born in March 1994. The child's father is a member of the Nation and the child is eligible for enrollment. This action was brought pro se by the child's mother, who is part Indian, and the child's grandmother and the grandmother's husband, who are not Indian. The district court dismissed the action upon concluding that it lacked subject matter jurisdiction. Plaintiffs appeal and we affirm.[1]

Plaintiffs filed a prior action asserting virtually the same allegations that are made in the instant case. The district court held in that proceeding that Plaintiffs essentially were challenging the Nation's custody of the child and that the only available avenue of federal court relief was under the Indian Child Welfare Act, 25 U.S.C. §§1901-1934 (ICWA). The court ordered Plaintiffs to file an amended complaint setting out facts sufficient to state a claim under the Act. Plaintiffs, who were represented by counsel at that time, filed an amended complaint that the court ruled failed to make the requisite showing. Accordingly, the court dismissed the case for lack of subject matter jurisdiction.

Plaintiffs did not appeal. Instead, two days later they filed the instant action pro se, reasserting the same claims that the court had previously held deficient under the ICWA. The district court again concluded that it was without subject matter jurisdiction for the reasons set out in its order in the prior case.

We are hampered in our consideration of this case by Plaintiffs' complaint,

---

[1] All pending motions filed in this court are denied.

which consists of a list of generic causes of action, both civil and criminal, followed by dates and occasionally some enigmatic facts, and by Plaintiffs' failure to include in the record on appeal anything other than the complaint, an addendum to the complaint, and the lower court's ruling. The Plaintiffs have filed considerable other material with this court; however, we are not able to ascertain whether this material was before the lower court when that court ruled in this action. We are mindful of our obligation to construe pro se pleadings broadly. See Hall v. Bellmon, 935 F2d 1106, 1110 (10th Cir 1991). Nonetheless, even when Plaintiffs pleadings are liberally construed and augmented by the material filed with this court, they have failed to show that they have a cognizable claim under the ICWA, or any other provision of federal law called to our attention.

We are not persuaded the district court erred in dismissing the action for lack of jurisdiction.

**AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge